MOLLISON, Senior Judge
(concurring in the result):
I agree with Chief Judge Larson that we may not affirm a finding of guilty to the offense of indecent language in light of the military judge’s findings and UCMJ Articles 60(c) and 66(c), 10 U.S.C.A. § 860(c) and that we may not affirm a finding of guilty to the lesser included offense of disorderly conduct in light of McKinley. However, I find it unnecessary to address the question of whether that lesser included offense might otherwise have been affirmed. I also do not share the Chief Judge’s suggestion that there is some doubt about the elements of the Article 134 offense of indecent language or that the words uttered by the appellant fell squarely within the definition of “indecent language.”
The Code grants the President the authority to prescribe procedural rules, evidentiary rules, and maximum limits on punishments. UCMJ arts. 36, 56; 10 U.S.C. §§-836, 856. He has exercised that authority by promulgating the Manual for Courts-Martial (MCM), United States, 1984. The President’s authority to issue such regulations, however, does not extend to defining the elements of substantive offenses under Articles 77 through 132, inasmuch as statutory construction is the prerogative of military appeals courts. To the extent the President has defined elements of these offenses in the Manual, such definitions are advisory only. United States v. Mance, 26 M.J. 244, 252 (C.M.A.1988), citing Ellis v. Jacob, 26 M.J. 90 (C.M.A.1988). On the other hand, as to Article 134 offenses defined by the President in the Manual, the President’s delineation and definition of the elements prevail. Cf. Mance.
As to the Article 134 offense of indecent language, the President has defined “indecent language” as that which is “grossly offensive to modesty, decency, or propriety, or shocks the moral sense, because of its vulgar, filthy, or disgusting nature, or its tendency to incite lustful thought. The language must violate community standards.” MCM, 1984, Part IV, ¶890. The words uttered by the appellant were patently indecent and clearly violated community standards. However, we are bound by the military judge’s findings to the contrary, and we must resist the temptation to squeeze out of Article 134 a novel offense to redress misconduct which was al *863 ready adequately defined by the offense of which the appellant was found not guilty,